IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

JUAN JOSE ANTUCHE GARCIA

Magistrate No. 25-1433

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Patrick Betschart, having been duly sworn, depose and state as follows:

### INTRODUCTION

1.      I make this Affidavit in support of a criminal complaint, charging JUAN JOSE ANTUCHE GARCIA with a violation of Title 18, United States Code, Section 111(a)(1) and (b), which prohibits forcibly assaulting, resisting, opposing, impeding or interfering with and inflicting bodily injury upon certain officers or employees, on or about August 12, 2025.

### AFFIANT'S BACKGROUND

2.      I am a Deportation Officer with the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE).  I have been a deportation officer with ICE since May 17, 2015.  I am currently assigned to the Fugitive Operations Unit with ICE Enforcement and Removal Operations (ERO) in Pittsburgh, Pennsylvania.  Prior to my service as a deportation officer, I was a border patrol agent with U.S. Customs and Border Protection.  In all, I have been employed by the Department of Homeland Security for over 17 years.

3.      In my capacity as a deportation officer, I am responsible for investigating and enforcing the Immigration and Nationality Act (INA) of 1952, as amended, Title 8, United States Code, as well as other federal crimes.

4.      Your Affiant is aware that 18 U.S.C. § 111 states, in part, as follows:

(a) In General.—Whoever—

(1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties
. . .

shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

(b) Enhanced Penalty.—

Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both.

5.      The facts set forth in this Affidavit are based upon my personal knowledge, training and experience, my review of documents, records, and evidence obtained during this investigation and information obtained from other law enforcement officers and investigators.

6.      Because this Affidavit is submitted for the limited purpose of supporting probable cause for a criminal complaint and arrest warrant, I have not included each and every fact known to me concerning this matter.

## FACTS ESTABLISHING PROBABLE CAUSE

7.      On or about September 3, 2023, ANTUCHE GARCIA, a native and citizen of Guatemala, was encountered by border patrol agents from Eagle Pass Border Patrol Station in Texas and taken into custody for being illegally present in the United States.

8.      ANTUCHE GARCIA was processed by immigration authorities and issued a Form I-862 Notice to Appear, which directed him to appear before an Immigration Judge on May 22, 2024, at the Federal Plaza Immigration Court in New York, New York, based upon ANTUCHE GARCIA's representation that he would be residing in New York City.

2

9.      ANTUCHE GARCIA failed to appear before the Immigration Judge.

10.      Thus, on May 22, 2024, ANTUCHE GARCIA was ordered removed from the United States to Guatemala, *in absentia*, by Immigration Judge Lisa Ehrens.  According to the Order, ANTUCHE GARCIA "was provided written notification of the time, date, and location of [his] removal hearing" and "failed to appear at the hearing, and no exceptional circumstances were shown for the failure to appear."  As a result, pursuant to the INA, the Court held the hearing *in abstentia* because "DHS submitted documentary evidence relating to [ANTUCHE GARCIA] that established the truth of the factual allegations contained in the Notice to Appear" and "removability [has been] established as charged."

11.      On August 12, 2025, federal law enforcement officers, including ERO Deportation Officer J.D., were conducting field operations in Robinson Township, PA, to locate and apprehend an individual, who was unlawfully present in the United States, pursuant to their authority to enforce the immigration laws of the United States.

12.      In connection with this operation, federal law enforcement officers observed three individuals, one of whom was believed to be the target of the operation, enter a Hyundai Elantra, bearing Maryland registration, that was located in the parking lot of an apartment complex where the target of the operation was known to reside.

13.      Federal law enforcement officers, operating five unmarked vehicles, followed the Hyundai Elantra and initiated a vehicle stop.  Each of the unmarked vehicles was equipped with emergency lighting and sirens, which were activated to effectuate the vehicle stop.

14.      The driver of Hyundai Elantra failed to come to a complete stop by putting the vehicle in park, requiring federal law enforcement officers to use their vehicles to box-in the Hyundai Elantra.

15.    At this point, federal law enforcement officers began to approach the Hyundai Elantra, wearing agency issued body armor and badges displayed, and verbally identified themselves as police.

16.    While Deportation Officer J.D. was attempting to exit his vehicle, the driver of the Hyundai Elantra rammed the front passenger side of the Hyundai Elantra into the driver's door of Deportation Officer J.D.'s vehicle, which resulted in Deportation Officer J.D.'s lower left leg being pinned between his vehicle's door frame and the door.

17.    The driver of the Hyundai Elantra and a rear passenger fled from the scene and evaded apprehension.  Because the Hyundai Elantra was not in park, the Hyundai Elantra continued to roll forward into Deportation Officer J.D.'s vehicle while his leg remained pinned.

18.    The front passenger of the Hyundai Elantra, later identified as ANTUCHE GARCIA, also attempted to flee from the Hyundai Elantra by repeatedly and forcefully trying to open the front passenger door of the Hyundai Elantra into the driver's door of Deportation Officer J.D.'s vehicle, causing further bodily injury to Deportation Officer J.D.'s leg.

19.    Before ANTUCHE GARCIA could escape, another federal law enforcement officer entered the Hyundai Elantra's driver's side door and placed the vehicle in reverse, which released Deportation Officer J.D.'s leg from the door.

20.    Following ANTUCHE GARCIA's arrest, it was observed that Deportation Officer J.D.'s lower left leg had swelling, redness, and bruising, which required medical attention. Deportation Officer J.D. informed your Affiant that it felt as though his lower leg was being pulled apart.  Additionally, it was observed that, from the impact caused by the driver of the Hyundai Elantra and ANTUCHE GARCIA's actions, Deportation Officer J.D.'s vehicle has a dent in the driver's side door frame where his lower leg was pinned between the door frame and the door.

4

**CONCLUSION**

21.     Based on the foregoing, your Affiant submits that there is probable cause to believe that on or about August 12, 2025, in the Western District of Pennsylvania, ANTUCHE GARCIA, did forcibly assault, resist, oppose, impede or interfere with and cause bodily injury to a person designated in section 1114 of Title 18, United States Code, that is, an officer or an employee of the United States or of any agency in any branch of the United States Government, to wit, Deportation Officer J.D., a member of ICE ERO, while that person was engaged in or on account of the performance of official duties, in violation of 18 U.S.C. § 111 (a)(1) and (b).

The above information is true and correct to the best of my knowledge, information, and belief.

/s/ Patrick Betschart
PATRICK BETSCHART
Deportation Officer
U.S. Immigration and Customs Enforcement
Enforcement and Removal Operations

Sworn and subscribed to me, by telephone,
pursuant to Fed. R. Crim. P. 4.1(b)(2)(A),
this 15th day of August 2025.

_____
Honorable Kezia O. L. Taylor
United States Magistrate Judge

5