

U.S. Department of Justice

*United States Attorney*
*Western District of Pennsylvania*

---

*Joseph F. Weis, Jr. U.S. Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania 15219*                            *412/644-3500*

September 4, 2025

Andrew Z. Lipson
Assistant Federal Public Defender
Office of the Federal Public Defender - W.D. Pa.
1001 Liberty Avenue, Suite 1500
Pittsburgh, PA 15222

Re:  United States of America v.
     Juan Jose Antuche-Garcia
     Criminal No. 25-223

Dear Mr. Lipson:

This letter sets forth the agreement by which your client, Juan Jose Antuche-Garcia, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between Juan Jose Antuche-Garcia and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Juan Jose Antuche-Garcia will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq. and 28 U.S.C. § 991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

        A.    The defendant, Juan Jose Antuche-Garcia, agrees to the following:

              1.    The defendant will waive prosecution by indictment and enter a plea of guilty to Count One of the Information (a draft copy of which is attached as Exhibit A) at Criminal No. 25-223, charging the defendant with violating 18 U.S.C. § 111(a)(1), pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

**LIMITED OFFICIAL USE**

2. At the time Juan Jose Antuche-Garcia enters the defendant's plea of guilty, the defendant will deposit a special assessment of $~~$100~~ in the form of cash, check, or money order payable to "Clerk, U.S. District Court." In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

3. Juan Jose Antuche-Garcia agrees to consent to removal from the United States following completion of the defendant's sentence and agrees to waive all rights defendant may have to any and all forms of relief or protection from removal, deportation, or exclusion under the Immigration and Nationality Act (INA), as amended, and related federal regulations and/or any other possible relief or protection from removal available under the Constitution, laws or treaty obligations of the United States. Further, defendant agrees to fully cooperate with the U.S. Department of Homeland Security, Immigration and Customs Enforcement, Enforcement and Removal Operations to facilitate his removal.

4. Juan Jose Antuche-Garcia waives any former jeopardy or double jeopardy claims the defendant may have in or as a result of any related civil or administrative actions.

5. Juan Jose Antuche-Garcia waives the right to take a direct appeal from the defendant's conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

    (a) If the United States appeals from the sentence, Juan Jose Antuche-Garcia may take a direct appeal from the sentence.

    (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Juan Jose Antuche-Garcia may take a direct appeal from the sentence.

    Juan Jose Antuche-Garcia further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking the defendant's conviction or sentence and the right to file any other collateral proceeding attacking the defendant's conviction or sentence.

    Nothing in the foregoing waivers of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

Page 3

      6.      In the event the judgment of conviction and sentence entered as a result of this plea agreement does not remain in full force and effect for any reason, the government may reinstate any charges dismissed or reduced pursuant to this plea agreement. In the event of reinstatement, the defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

      1.      The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Juan Jose Antuche-Garcia in the offense charged in the Information and of any other matters relevant to the imposition of a fair and just sentence, including victim impact.

      2.      The United States agrees to recommend a two-level downward adjustment for acceptance of responsibility. However, if at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set forth in U.S.S.G. § 3E1.1 or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and/or motion.

      3.      The United States Attorney will take any position he deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C. Juan Jose Antuche-Garcia and the United States Attorney further understand and agree to the following:

      1.      The penalty that may be imposed upon Juan Jose Antuche-Garcia is:

          (a)    A term of imprisonment of not more than 1 year;

          (b)    A fine of not more than $100,000;

          (c)    A term of supervised release of not more than 1 year; and

          (d)    A special assessment under 18 U.S.C. § 3013 of $25.00.

      2.      Pursuant to Rule 11(c)(1)(C), the parties stipulate and agree that the appropriate sentence in this case is a term of imprisonment of time-served, a term of supervised release of one year, and a special assessment of $25.

        Consistent with Rule 11(c)(1)(C), the Court may accept the plea agreement, reject the plea agreement, or defer a decision until it reviews the presentence report. If the Court rejects the plea agreement, consistent with Rule 11(c)(5), the defendant will have the opportunity to withdraw the defendant's guilty plea.

        Defendant agrees that the defendant will not file a motion seeking relief under 18 U.S.C. § 3582(c)(2) if the Sentencing Guidelines are subsequently lowered by the Sentencing Commission.

3. The parties agree that the change of plea and sentencing hearing in this case should be conducted on the same date, because it is in the interests of justice and judicial economy. Accordingly, Juan Jose Antuche-Garcia will waive his right to have the U.S. Probation Office for this District conduct a full presentence investigation report for presentation to the sentencing court, which he understands is for the purpose of obtaining information useful to the court in setting sentence. The parties agree that the Pretrial Services Report and information in the record are sufficient to enable the Court to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553(e).

4. This agreement does not preclude the government from pursuing any civil or administrative remedies against Juan Jose Antuche-Garcia or the defendant's property.

5. If, at any time after this plea agreement is signed and prior to sentencing, the defendant (i) commits any additional federal, state, or local offense; or (ii) breaches any term of this plea agreement, the United States may at its discretion be released from its obligations under this agreement and the defendant's guilty plea, if already entered, will stand. In that event, the United States will be entitled to seek a sentence other than agreed-upon, reinstate previously dismissed or reduced charges and/or pursue additional charges against the defendant. The defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

        Any alleged breach of this plea agreement shall be determined by agreement of the parties or by the Court. A breach of this plea agreement shall be established by a preponderance of the evidence.

6. Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea letters shall include a sealed Supplement. The sealed Supplement to this plea letter is part of the agreement between the parties hereto.

Page 5

This letter sets forth the full and complete terms and conditions of the agreement between Juan Jose Antuche-Garcia and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

*[signature]*
TROY RIVETTI
Acting United States Attorney

*[signature]*
REBECCA L. SILINSKI
Assistant United States Attorney

I have received this letter from my attorney, Andrew Z. Lipson, Esquire, have read it and discussed it with him, and I understand the terms of the Agreement. I hereby voluntarily accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

*Juan Jose*
JUAN JOSE ANTUCHE-GARCIA

9/15/2025
Date

Witnessed by:
*[signature]*
ANDREW Z. LIPSON, ESQUIRE
Counsel for Juan Jose Antuche-Garcia